IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

VALENTINA SASHKOV,                           Civ. No. 06-232-HO

        Plaintiff,                        ORDER

  v.

Commissioner of Social Security,

        Defendant.

    Plaintiff seeks judicial review of the decision of the Commissioner denying her application for disability insurance benefits. For the reasons explain below, the decision of the Commissioner is reversed and this matter is remanded to the Commissioner for further proceedings.

## Discussion

    Plaintiff argues that the administrative law judge (ALJ) made several errors on the way to finding her able to perform her past work as a caregiver and other jobs. The ALJ found that plaintiff suffers from diabetes II with possible peripheral

neuropathy and obesity. (Tr. 26). She further found that plaintiff has the capacity to perform a reduced range of light work, including her past work as a caregiver/companion. (Tr. 25-26).

Plaintiff's contentions that the ALJ failed to conduct a fair and full hearing, and deprived her of due process by taking an adversarial tone are rejected. Plaintiff expressly does not allege bias. Reply at 2. Plaintiff identifies no information the ALJ failed to adduce at the hearing. Argument that the ALJ mischaracterized plaintiff's interpreted testimony is properly directed at the ALJ's determination of plaintiff's credibility, an issue the court does not reach.

Plaintiff does not point to medical evidence or explain how her impairments combine to equal an impairment listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. In these circumstances, courts will not reverse the Commissioner's decision solely because the ALJ failed to set forth a more detailed analysis. See <u>Lewis v. Apfel</u>, 236 F.3d 503, 514 (9th Cir. 2001).

Plaintiff neither identifies, nor points to evidence of, functional limitations attributable to hypertension, high cholesterol and gastroesophageal reflux disease (GERD). The court does not find such evidence. Therefore the court cannot say that the ALJ erred by failing to find these impairments severe, or by failing to consider functional limitations

2 - ORDER

attributable to these impairments.  See Burch v. Barnhart, 400 F.3d 676, 683 (9th Cir. 2005).  Likewise, while plaintiff complains that the ALJ failed to consider her obesity, plaintiff identifies no limitations attributable to obesity.

Expert medical opinion is needed to determine whether plaintiff's complaints of pain are reasonably attributed to diabetic peripheral neuropathy, as diagnosed in the report of Dr. Crawford and FNP Durant.  (Tr. 204).  The report does not indicate whether pain is attributable to this impairment, as opposed to thoracic back pain, which is also noted.  The ALJ did not find that plaintiff experiences thoracic back pain, and plaintiff does not argue that the ALJ erred by failing to so find, or to consider limitations attributable to an impairment that results in thoracic back pain.  Other medical sources indicated only the possibility of peripheral neuropathy.  This case must be remanded to develop new medical evidence.

On remand, the ALJ need not defer to Dr. Crawford and FNP Durant's peripheral neuropathy diagnosis if the record, including new medical evidence, contains substantial evidence supporting legally sufficient reasons to reject the diagnosis.  Dr. Webster wrote that a nerve conduction study would delineate a possible peripheral neuropathy diagnosis.  (Tr. 152).  The ALJ may see fit to order such a study to assist in determining whether plaintiff has diabetic peripheral neuropathy, and/or whether that

3 - ORDER

impairment could reasonably cause the symptoms alleged by plaintiff. Of course the ALJ has discretion to further develop the record as she deems necessary, including re-contacting medical sources, consulting with a medical expert and taking additional lay testimony. The ALJ shall reconsider plaintiff's credibility, and the weight to afford lay testimony, in light of the expanded record. The ALJ shall reassess plaintiff's RFC, take additional vocational expert testimony if needed, and issue a new decision.

## Conclusion

Based on the foregoing, the decision of the Commissioner is reversed. This matter is remanded to the Commissioner for remand to the ALJ for further proceedings described herein.

IT IS SO ORDERED.

DATED this __16th__ day of November, 2006.

                                                  s/ Michael R. Hogan
                                                United States District Judge